IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTIN SILVA *and* | § | |
| LOURDES SILVA | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-22-cv-48 |
| | § | |
| UNITED STATES OF AMRICA, and | § | |
| PORFIRIO HERNANDEZ RODRIGUEZ | § | |
| *Individually and in his Official Capacity as* | § | |
| *an Employee of The United States Postal* | § | |
| *Service.* | | |
| *Defendants* | | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLEJUDGE OF SAID COURT:

COMES NOW Martin Silva and Lourdes Silva, Plaintiffs, complaining of the United States of America, and Porfirio Hernandez Rodriguez, in his Official Capacity as an Employee of The United States Postal Service:

1. PARTIES

1.1    Plaintiff, Martin Silva, and Lourdes Silva, at all times relevant hereto are citizens of the United States.

1.2    Defendant, United States of America, acting through The United States Postal Service, which may be served with process in compliance with the Federal Rules of Civil Procedure 4(I) by serving a copy of the summons and complaint by certified mail, return receipt requested to:

a.    The Civil Process Clerk at the office of U.S. Attorney for the Southern District of Texas, at 1000 Louisiana Street, Ste. 2300, Houston, Texas 77002;

  b.  The U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W., Room B-324, Washington, D.C. 20530-001;

  c.  General Counsel for the United States Postal Service, General Law Service Center at 1720 Market Street, Room 2400, St. Louis MO 63155-9948.

1.3 Defendant Porfirio Hernandez Rodriguez is an employee and is being sued individually and in his capacity as an employee of The United States Postal Service. Service is not requested at this time.

## 2. JURISDICTION

2.1 The court has jurisdiction over the lawsuit under 28 U.S.C. 1346(b), Federal Tort Claims Act ("FTCA"), because the suit involves a claim against the United States for property damage and personal injury caused by the negligent acts and omissions of a government employee while acting within the scope of his official employment. Specifically, this incident was caused by the negligence of Porfirio Hernandez Rodriguez, a United States of America Postal Service employee while he was operating a United States of America Postal Service vehicle.

## 3. VENUE

3.1 Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 4. CONDITIONS PRECEDENT

4.1 Plaintiffs timely presented their claim in writing to the United States of America and United States of America Postal Service. Further, the United States of America Postal Service failed to make a final disposition of the claim within six months after it was presented.

## 5. FACTUAL BACKGROUND

### THE COLLISION

5.1     This lawsuit concerns a severe motor vehicle collision which occurred on April 29, 2020. The collision occurred between a personal automobile which was driven by the Plaintiff, Martin Silva, and a government vehicle operated by Porfirio Hernandez Rodriguez, under the authority and control of the United States of America Postal Service.

5.2     The vehicular collision occurred on Wednesday morning on April 29, 2020, on Firenze Street, within the city limits of Brownsville, Cameron County, Texas.

5.3     Immediately prior to the collision, Porfirio Hernandez Rodriguez was stopped on the 2300 block of Firenze Street. At the same time, Martin Silva, was traveling northwest on the 2300 block of Firenze Street. The incident ensued when Porfirio Hernandez Rodriguez, rear-ended Mr. Martin Silva's vehicle.

5.4     Investigator Erik Balboa, of the Brownsville Police Department investigated the collision and found that Porfirio Hernandez Rodriguez was wholly responsible for causing the collision because he **"Improperly started from a stop position"**.

### THE INJURIES

5.5     Martin Silva suffered extensive physical and emotional injuries as a result of this collision. Including, but not limited to, cervical sprains/strains and multiple disc bulges and herniations to his neck. Mr. Silva has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Mr. Silva continues to suffer from unbearable pain because of this accident. Mr. Silva was a healthy

individual prior to this collision. He is now limited in his daily activities and continues to suffer from excruciating pain since the day of the collision.

5.6     In addition, Lourdes Silva also suffered extensive physical and emotional injuries because of this collision. Including, but not limited to, thoracic sprains/strains, cervical strains/sprains, cervical disc displacements at levels C3-C-4 C4-C5, C5-C6 and C6-C7. Mrs. Silva continues to suffer from unbearable pain due to this accident. She was a healthy individual prior to the collision. She is now limited in her daily activities and continues to suffer from excruciating pain since the day of the collision.

## 6. CAUSE OF ACTION AGAINST DEFENDANTS

### NEGLIGENCE OF PORFIRIO HERNANDEZ RODRIGUEZ& *RESPONDEAT SUPERIOR*

6.1     Plaintiff's claims against Defendants are brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 et seq. Defendant, United States of America is the responsible party defendant for the actions of its employee, Porfirio Hernandez Rodriguez, acting within the course and scope of his employment for the federal agency he was working for, The United States Postal Service. 28 U.S.C. §2679.

6.2     Under the doctrine of *respondeat superior*, Defendant, United States of America is vicariously liable for the actions of its employee, Porfirio Hernandez Rodriguez, while in the course and scope of her employment with The United States Postal Service. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, United States of America's employee in one or more of the following particulars:

6.2.1     In failing to maintain a clear and reasonable distance between Plaintiff's motor vehicle which would permit the Defendant's employee to bring hir motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle in violation of §545.062(a) of the Texas Transportation Code;

6.2.2   In that Porfirio Hernandez Rodriguez, failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

6.2.3   In failing to keep a proper lookout for Plaintiffs' safety as would have been maintained by a person of ordinary prudence under the same or similar circumstances;

6.2.4   In placing Plaintiff in a position of peril due to Porfirio Munoz Rodriguez's, lack of due care and exercise of ordinary prudence of a person of her maturity and capacity § 545.401 of the Texas Transportation Code;

6.2.5   In failing to exercise reasonable care to protect the safety of others who are using the roadways;

6.2.6   In failing to take evasive action to avoid colliding with Plaintiff's vehicle; and/or

6.2.7   In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision.

6.3   Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## 7. DAMAGES FOR MARTIN SILVA

7.1   As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Martin Silva sustained Severe neck, mid back, lower back, right shoulder, and personal injuries in the form of disc bulges and herniations to his neck and back which have resulted in losses and damages recoverable by law. The back cervical sprains/strains required a Lumbar Epidural Steroid Injection due to the unceasing pain.

7.2   Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint,

but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the trier of fact in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

7.3.1   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Martin Silva, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

7.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

7.3.3   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

7.3.4   Mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial.

7.4     From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

7.4.1   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

7.4.2   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

7.4.3   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

7.4.4   The mental anguish that Plaintiff will suffer in the future beyond the time of trial; and

7.4.5   Property damage.

## 8. DAMAGES FOR LOURDES SILVA

8.1   As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Lourdes Silva sustained Severe neck, shoulders, arms, traumatic headaches, and lower back personal injuries in the form of disc bulges and herniations to her neck and back which have resulted in losses and damages recoverable by law. The cervical herniations required surgical epidural steroid injections in order to reduce the levels of pain.

8.2   Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the trier of fact in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

8.3   From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

8.3.1   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Lourdes Silva, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

8.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

8.3.3   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

8.3.4   Mental anguish that Plaintiff has suffered from the date of the incident in question to the time of trial.

8.4   From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

8.4.1   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

8.4.2   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

8.4.3   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

8.4.4   The mental anguish that Plaintiff will suffer in the future beyond the time of trial; and

## 8. PRE/POST JUDGMENT INTEREST

8.1    To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if he is not allowed such pre and post judgment interest, that he would not be fully compensated, and that he would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Martin Silva and Lourdes Silva, request that on final trial they have judgment against Defendants for a sum in excess of the minimum jurisdiction limits of this Court, pre-judgment and post-judgment interest to the extent the law provides for, costs of suit, and all other relief to which Plaintiff are justly entitled.


Respectfully submitted,


By:     */s/ Daniel Torres*
        Daniel A. Torres (attorney-in-charge)
        State Bar No. 24046985
        Federal Bar No. 573645
        daniel@jvlawfirm.com
        Javier Villarreal
        State Bar No. 24028097
        Federal Bar No. 30384
        jv@jvlawfirm.com

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-300-0000
Fax: 956-550-0877